**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA**

**ROANOKE DIVISION**

WENDELL W. FLORA, MARY M.
FLORA, THE FRITH LIVING TRUST,
MICHAEL S. HURT, and
FRANCES K. HURT

                Plaintiffs,

v.                                     CIVIL ACTION NO.  7:18-cv-00240-EKD

MOUNTAIN VALLEY PIPELINE, LLC,

                Defendant.

## FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1.      This case arises from Mountain Valley Pipeline LLC's ("MVP") violation of Plaintiffs' property rights. MVP has violated and will continue to violate Plaintiffs' fundamental property right of exclusive possession by depositing soil, mud, and water on Plaintiffs' properties when it rains. MVP's conduct also constitutes a taking without just compensation.

2.      The right of exclusion from one's property is a foundational principle of Virginia property law. This is derived from the "general principle of law, [that] every person is entitled to the exclusive and peaceful enjoyment of his own land, and to redress if such enjoyment shall be wrongfully interrupted by another." *Cooper v. Horn*, 448 S.E.2d 403, 406 (Va. 1994) (quoting *Tate v. Ogg*, 195 S.E. 496, 498 (Va. 1938)). Deposition of soil and mud onto Plaintiffs' property through inadequate or nonexistent erosion controls on Defendant's worksite constitutes an unlawful invasion of the exclusive and peaceful enjoyment of Plaintiffs' properties.  Plaintiffs

are, therefore, entitled to injunctive relief to prevent future invasions of their properties as well as a cleanup of and damages for the harm already caused to their properties.

3.     The right of just compensation for the taking of private property for public use is an equally fundamental right enshrined in the United States Constitution. U.S. Const. amend. V. The requirement of "just compensation was designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Armstrong v. United States*, 364 U.S. 40, 49 (1960). MVP's use of Plaintiffs properties, including private roads, fields, and streams to deposit soil and mud constitutes a taking for which no compensation has been paid.

## JURISDICTION AND VENUE

4.     This case is brought pursuant the Fifth Amendment to the United States Constitution and 15 U.S.C. § 717f(h). This Court therefore has jurisdiction over Plaintiffs' takings claims under 28 U.S.C. § 1331 (federal question).

5.     This Court has jurisdiction over Plaintiffs' state law claims of trespass and nuisance pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction).

6.     Plaintiffs' state law claims arise from a common nucleus of operative fact and are the same case or controversy as Plaintiffs' federal takings claims.

7.     Venue is properly in this District and Division under 28 U.S.C. § 1391(b)(2) and Local Rules 2(a)(7) and 2(b) (W.D. Va.) because Plaintiffs in this action reside at and own the properties at issue in this case within the District and the Roanoke Division, and MVP's actions and inaction that caused the harm complained of occurred in this District and the Roanoke Division.

## PLAINTIFFS

8.      Plaintiffs Wendell and Mary Flora are residents of Franklin County, Virginia. Mr. Flora is a retired sheriff's deputy who now farms the property at issue in this case. Mr. Flora has owned the property for more than 50 years. Mr. Flora owns the farm jointly with his wife, Mary. The farm is located at 150 Floradale Farms Lane, Boones Mill, VA 24065.

9.      Plaintiff The Frith Living Trust, is a trust created pursuant to the laws of Virginia and owns property in Franklin County, Virginia identified as Tax Map Parcel 0380001900. The property is in Boones Mill, Virginia and adjacent to Plaintiffs' Michael and Frances Hurt's property. Glenn C. Frith and Linda K. Frith are the sole trustees of the Frith Living Trust. They reside on the property

10.     Michael S. Hurt and Frances K. Hurt own property and reside at 694 Wildwood Road, Boones Mill, Franklin County, Virginia. The property is adjacent to the Frith property.

## DEFENDANT

11.     Mountain Valley Pipeline LLC is a limited liability company. MVP is the company responsible for the construction of the Mountain Valley Pipeline and the party responsible for implementing erosion and sediment controls along the pipeline route.

## FACTS

12.     In constructing the Mountain Valley Pipeline, MVP has unlawfully caused large amounts of soil to be washed from its pipeline easement onto Plaintiffs' properties. Moreover, without proper erosion controls, MVP will cause soil and mud to continue to wash off its easement onto Plaintiffs' properties when it rains.

13.     Defendant MVP is in the beginning phases of building a large natural gas pipeline from northern West Virginia to Pittsylvania County, Virginia known as the Mountain Valley Pipeline.

14.     On property adjacent to Mr. Flora and owned by his brother, MVP holds a court-ordered right of access to construct a portion of the Mountain Valley Pipeline. Recently, MVP cleared a 125-foot right of way on Mr. Flora's brother's property of all vegetation in preparation for the construction of the pipeline, exposing a large amount of soil to erosion from rain. Mr. Flora's property is downhill from his brother's property and the construction corridor. Cahas Mountain Road separates the relevant part of Plaintiff's property from that of his brother and a portion of the MVP worksite.

15.     MVP has cleared a large portion of its easement in addition to the portion cleared on Mr. Flora's brother's property. In the area near the Flora property, portions of the Flora, Frith and Hurt properties have been cleared as well.

16.     The construction right of way on all of the properties was left bare, with minimal and insufficient erosion controls to prevent erosion in the event of a rain storm.

17.     As a condition to constructing the pipeline, MVP secured a permit from the Virginia State Water Control Board pursuant to Section 401 of the Clean Water Act certifying that construction of the pipeline would comply with Virginia water quality standards and, relevant to this case, requiring that MVP use best management practices for erosion and sediment control during construction of the pipeline. These are codified at 9 Va. Admin Code § 840-40.

18.     A steady rain began on May 15, 2018 and continued through May 19, dislodging large amounts of soil and mud from the denuded construction corridor created by MVP. The soil was deposited on the Flora property downhill from the cleared easement.

19.     On May 18 Plaintiff Wendell Flora observed that large amounts of mud had flowed off the hillside worksite, across Cahas Mountain Road, depositing about eight inches of mud on the road, onto his hayfield, and finally into Little Creek, a stream that bisects the Flora hayfield. Mud also flowed off other areas of the cleared easement directly onto the Flora pasture and hayfield. Much of the mud remains on the hayfield. This constitutes a trespass to the Floras' property rights in the hayfield, pasture, and Little Creek.

20.     Plaintiff Wendell and Mary Flora own both banks of the stream and the stream bed.

21.     On May 20, 2018, one day after the rain stopped, news outlets reported that up to eight inches of mud had slipped off the bare construction corridor and flowed onto Cahas Mountain Road. Laurence Hammack, *Construction halted at Mountain Valley Pipeline worksite following severe erosion in Franklin County*, The Roanoke Times (May 20, 2018), http://www.roanoke.com/business/construction-halted-at-mountain-valley-pipeline-work-site-following-severe/article_2eeebd3a-5007-56b0-9469-3e381b09b668.html.

22.     Prior to the rains on May 15 through 19, Plaintiff noticed that MVP had only established a few "silt socks" as the main erosion and sediment control mechanisms on the worksite above the Flora property. Mr. Flora also noticed a few cement barriers on the worksite, but during the rain event mud-laden rain water just flowed around the barriers.

23.     Although prior to the rain event MVP and the Virginia Department of Environmental Quality ("DEQ") claimed that erosion controls, including concrete barriers, were

installed properly, those same controls completely disappeared during the rain, flooding the Flora property with mud. *Id.*

24. Moreover, DEQ and MVP publicly claimed that no mud had reached any stream, *id.*, but Mr. Flora's eyewitness account, contemporaneous evidence collected by him, and internal DEQ emails discredit that statement. Furthermore, unpermitted discharges into a water of the United States are a violation of the Clean Water Act. *See* 33 U.S.C. § 1311.

25. Contrary to DEQ's public statements defending MVP, an email from DEQ employee Elizabeth Abe to DEQ employee Matthew Grant on May 21 explained that she observed a stream adjacent to a Franklin County MVP worksite so choked with mud that no water was flowing in the stream. Ex. A. She observed the stream while driving on Brick Church Road in Rocky Mount, Virginia. *Id.* Moreover, she did not see any sediment trapping measures installed at the worksite. *Id.* Brick Church Road is near the Plaintiffs' properties and within the same Blackwater River watershed as the Plaintiffs' properties.

26. Further, DEQ levied no fines or penalties against MVP.  It issued no formal stop-work order. DEQ has not ordered MVP to use more stringent erosion or sediment control measures. In short, Plaintiffs cannot rely on DEQ to protect their property and environmental interests, particularly in light of DEQ's public denial of the fact that significant sediment was deposited in Virginia's waters as a result of MVP's actions.

27. Upon information and belief, the erosion and sediment controls that were used on the easement prior to the rains on May 15 through 19 were not in compliance with Virginia's best management practices as codified in 9 Va. Admin. Code § 840-40 nor were they in compliance with DEQ's erosion and sediment control handbook.  Nonetheless, no matter what

controls were extant at the worksite, they were inadequate to capture the mud and soil washing from MVP's easement onto the Flora property and were insufficient to prevent MVP's trespass.

28.     Other property owners adjacent to the MVP worksite were also inundated with mud and soil from the worksites on easements adjacent to the worksite near the Flora property.

29.     The Hurt and Frith properties are adjacent, and they are just east of the Flora property, in the watershed of a separate small tributary. Mr. & Mrs. Hurt and the Frith Trust each own property that is subject to the permanent pipeline right of way. Trees have been cleared and earth is exposed much as at the Flora property. Mr. & Mrs. Hurt and the Frith Trust each own half of a private roadway, which the pipeline perpendicularly intersects. The private road runs roughly parallel to the small tributary, and there are hills rising on either side of the bottom area, which includes the private drive, the stream, and grazing land.

30.     MVP holds a temporary court-ordered right of access over the private road to access the pipeline construction area.

31.     On Saturday May 26 and Sunday May 27, it rained in the Boones Mill area.  The rain caused earth and mud to be washed off of at least two hillsides, one on the Frith property and one on the Hurt property. Mud was deposited to depths of 3-4 inches on the private drive to the Frith residence. Muddy water could be seen passing underneath failing silt socks installed by MVP. Mud was deposited on the Frith and Hurt properties, where some of the mud remains. Some of the mud was also washed into the stream where the stream crosses through the Hurt property.

32.     Mud flowing off the MVP construction area has also filled in a drainage ditch that runs along the private road, rendering it useless to drain the Hurt and Frith properties.

33.     As of May 28, 2018, MVP had not materially improved the erosion controls at any of the worksites and appears to have no plans to control erosion in future rain events.

34.     As of Monday May 28, silt fences located near the Flora property and on the Frith property are riddled with holes and are collapsing. Silt socks are only staked to the ground, permitting mud and water to flow under them, and in some cases have shifted their positions, allowing water and mud to flow onto Plaintiffs' property unimpeded. Those same silt socks have also collected some soil such that any amount of flow spills over them.

35.     Water has also been allowed to pool behind the silt fence and silt socks on the construction site on the Frith property. The mud-filled water will flow onto the Frith property and deposit mud when it rains again.

36.     MVP has constructed some sediment dikes but those dikes have not been compacted and are ineffective. The dikes are not seeded with grass mats and do not prevent erosion of the dikes or of the hillside they are meant to prevent from eroding. Silt socks placed in gaps between sections of silt fencing at the outlets of the dikes are not effectively secured, are undermined by erosion, and have failed in numerous areas. Overall, the sediment controls in place near all of Plaintiffs' properties are insufficient and ineffective.

37.     Another trespass, therefore, is imminent. It is likely to rain in the near future. MVP's continued reliance on inadequate erosion controls makes it extremely likely, if not a certainty, that large amounts of soil will again inundate Plaintiffs' property.

38.     Future rain events that are nearly certain to occur this summer, will wash even more soil onto Plaintiffs' property if MVP continues to rely on insufficient erosion controls.

39.     In addition, even more extensive land disturbance associated with digging the trench in which to lay the pipeline will take place in the near future.  Such disturbances will

require the placement of large piles of loose soil on or near the construction corridor. The large-scale excavation that will be necessary to lay the pipeline will pose an even more severe threat of erosion and cause greater transport of mud onto Plaintiffs' adjacent fields and streams.

40.     MVP has shown a startling disregard of the effects of construction of the pipeline. On April 25, 2018, the West Virginia Department of Environmental Protection issued a notice of violation of erosion and sediment controls after finding sediment-filled water that had flowed beyond the boundaries of MVP's easement in Wetzel County, West Virginia. In March 2018 an environmental consulting firm employed by the United States Forest Service found that sediment and erosion controls on Mystery Ridge Road and Pocahontas Road were not functioning properly and sediment-laden water was running down the roads. Although the Forest Service brought this to the attention of MVP in March, the violations were not remedied by mid-April. The photos from the violation report demonstrate MVP's reliance of silt socks staked to the ground as the main sediment control measure. Such measures were in place at the Plaintiffs' properties but have been insufficient.

41.     Inspections of other worksites in the area of Plaintiffs' property reveal that MVP has failed to even erect silt fencing along the perimeter of their worksites. The complete lack of erosion controls is corroborated by internal DEQ emails referencing a Blackwater River watershed worksite in Rocky Mount, Virginia just southeast of Plaintiffs' properties.

**FIRST CAUSE OF ACTION**
**Inverse Condemnation in Violation of the Fifth Amendment**

42.     The allegations of the preceding paragraphs are incorporated here by reference.

43.     Plaintiffs' private property has been taken in fact for public use. *See United States v. Clarke*, 445 U.S. 253, 257 (1980).

44.     Plaintiffs' property was not taken through eminent domain procedures. *Id.* The property taken is outside the boundary of any court-ordered or FERC-approved easement. For areas that are within temporary FERC-approved easements, the property taken is inconsistent with any court-ordered or FERC-approved use of the property.

45.     Defendant has no intention to bring an eminent domain proceeding to secure the additional property that it has taken. *Id.*

46.     Defendant has been granted a limited right of eminent domain by the Federal Energy Regulatory Commission ("FERC") pursuant to 15 U.S.C. § 717f(h) in order to condemn property that is necessary and convenient to the construction and operation of a natural gas pipeline.

47.     Defendant has no right to property not included in the FERC approved easements or court-ordered rights of access and is liable for just compensation if it takes property outside the approved easements. *See* U.S. Const. amend. V; 15 U.S.C. § 717f(h); *Clarke*, 445 U.S. at 257.

48.     Between May 18 and 19, and May 26 and 27 mud, soil, and rainwater runoff flowed onto Plaintiffs' properties and into their streams from cleared easements held by MVP.

**The Flora Property**

49.     Plaintiffs Mary and Wendell Flora own property adjacent to and within MVP easements.

50.     The Floras own riparian land with riparian rights in Little Creek, including the right to water free of pollution. *Hite v. Town of Luray*, 8 S.E.2d 369, 371–72 (Va. 1940).

- 10 -

51.     Defendant MVP has interfered with and taken the Floras' property rights in their real property adjacent to MVP easements and in their riparian rights to water free of pollution by using the Flora's private property to deposit mud and soil without compensation.

52.     The deposition of mud and soil on the Floras' property is a physical invasion of their property and interferes with the Floras' full enjoyment of their property and limits their rightful exploitation of it.

53.     MVP has no legal rights in the Floras' property outside of their easement.

54.     MVP will continue to use and interfere with the Floras' property rights when significant amounts of rain falls.

55.     MVP's continued use and interreference with the Floras' property constitutes the imposition of an unlawful easement and thus an inverse condemnation for which no compensation has been paid.

56.     MVP has not instituted eminent domain proceedings to secure the right to use and physically invade the Hurts' property.

57.     MVP has no intention to bring such proceedings.

**The Hurt Property**

58.     Plaintiffs Michael and Frances Hurt own property adjacent to and within MVP work areas.

59.     The Hurts own riparian land with riparian rights in an unnamed stream on their property, including the right of water free of pollution. *Hite v. Town of Luray*, 8 S.E.2d 369, 371–72 (Va. 1940).

60.     Defendant MVP has interfered with and taken the Hurts' property rights in their real property adjacent to MVP easements and in their riparian rights to water free of pollution by using the Hurts' private property to deposit mud and soil without compensation.

61.     MVP has taken the Hurts' property rights in their private road by depositing large amounts of mud on the road, thereby exceeding the scope of their easement over the road and appropriating the use of the entire road for itself.

62.     MVP has taken the Hurts' property rights in their drainage ditch that runs parallel to the road.

63.     MVP's easement over the private road for access to the pipeline construction site does not include the right to clog the ditch that drains the road with mud.

64.     MVP has no legal rights in the Hurts' property outside of their easement.

65.     The deposition of mud and soil on the Hurts' property is a physical invasion of their property and interferes with their full enjoyment of their property and limits their rightful exploitation of it.

66.     MVP will continue to use and interfere with the Hurts' property rights when significant amounts of rain falls.

67.     MVP's continued use and interreference with the Hurts' property constitutes the imposition of an unlawful easement or the unlawful expansion of an existing easement, and thus an inverse condemnation for which no compensation has been paid.

68.     MVP has not instituted eminent domain proceedings to secure the right to use and physically invade the Hurts' property.

69.     MVP has no intention to bring such proceedings.

**The Frith Property**

70.    Plaintiff the Frith Living Trust owns property adjacent to and within MVP easements.

71.    Defendant MVP has intrfered with and taken the Frith property rights in their real property adjacent to MVP work areas by using the Frith private property to deposit mud and soil without compensation.

72.    MVP has taken the Friths' property rights in their private road by depositing large amounts of mud on the road, thereby exceeding the scope of their easement over the road and appropriating the use of the entire road for itself.

73.    MVP has taken the Friths' property rights in their drainage ditch that runs parallel to the road.

74.    MVP's easement over the private road for access to the pipeline construction site does not include the right to clog the ditch that drains the road with mud.

75.    MVP has no legal rights in the Friths' property outside of their easement.

76.    The deposition of mud and soil on the Friths' property is a physical invasion of their property and interferes with their full enjoyment of their property and limits their rightful exploitation of it.

77.    MVP will continue to use and interfere with the Friths' property rights when significant amounts of rain falls.

78.    MVP's continued use and interrereference with the Friths' property constitutes the imposition of an unlawful easement or the unlawful expansion of an existing easement, and thus an inverse condemnation for which no compensation has been paid.

79.     MVP has not instituted eminent domain proceedings to secure the right to use and physically invade the Friths' property.

80.     MVP has no intention to bring such proceedings.

## SECOND CAUSE OF ACTION
### Violation of 15 U.S.C. § 717f(h)

81.     The allegations of the preceding paragraphs are incorporated here by reference.

82.     15 U.S.C. § 717f(h) allows FERC to delegate the right of eminent domain to holders of FERC-approved certificates of public convenience and necessity. *See* §§ 717f(c)(1)(A), (h).

83.     15 U.S.C. § 717f(h) defines the permittee's rights to condemn private property for the construction and maintenance of a natural gas pipeline.

84.     To exercise such a right, a permittee must institute eminent domain proceedings and pay just compensation once it has condemned private property convenient and necessary to the public for the construction and operation of the pipeline. *Id.*

85.     MVP holds a FERC permit granting it a limited right of eminent domain to condemn property that is convenient and necessary to the public for the construction and operation of the Mountain Valley Pipeline.

86.     MVP has not instituted eminent domain proceedings to take property outside property identified in its FERC permit or this Court's order.

87.     MVP, by depositing mud and soil on Plaintiffs' property and in their streams, has taken private property for public use without just compensation.

88.     MVP's failure to remedy the cause of the discharge of mud and soil on Plaintiffs' properties makes it likely that MVP will continue to discharge mud and soil onto Plaintiffs' properties.

- 14 -

89.     MVP has no intention of instituting eminent domain proceedings or to pay just compensation for MVP's continued use of Plaintiffs' properties.

90.     The value of the Floras' property being taken and likely to be taken in future rain storms exceeds $3,000.

91.     The value of the Hurts' property being taken and likely to be taken in future rain storms exceeds $3,000.

92.     The value of the Friths' property being taken and likely to be taken in future rain storms exceeds $3,000.

93.     MVP's failure to institute eminent domain proceedings and failure to pay just compensation constitutes an inverse condemnation and therefore a violation of 15 U.S.C. § 717f(h). *See, e.g.*, *Am. Energy Corp v. Tex. E. Transmission, LP*, 701 F. Supp. 2d 921, 931 (S.D. Ohio 2010).

**SECOND CAUSE OF ACTION**
**Trespass**

94.     The allegations of the preceding paragraphs are incorporated here by reference.

95.     Plaintiffs own property adjacent to and within MVP easements which MVP has cleared of all vegetation exposing bare earth to erosion.

96.     Between May 18 and 19, and May 26 and 27 mud, soil, and rainwater runoff flowed onto Plaintiffs' properties from cleared easements held by MVP.

97.     The flow of mud, soil, and water from the MVP worksite was unauthorized.

98.     The flow of mud, soil, and water from the MVP worksite was caused by MVP failure to properly control and contain the erosion of soil from its worksites.

99.    The mud, soil, and water physically invaded Plaintiffs' properties as a result of MVP's actions. This constitutes a trespass. *See Krupiel v. Hicks*, 731 S.E.2d 921, 925 (Va. 2012) (quoting *Cooper v. Horn*, 448 S.E.2d 403, 406 (Va. 1994)).

## THIRD CAUSE OF ACTION
### Continuing Trespass

100.    The allegations of the preceding paragraphs are incorporated here by reference.

101.    MVP has failed to implement effective sediment controls. Without such controls MVP will continue to trespass on Plaintiffs' properties when it rains.

102.    Without injunctive relief barring MVP from continuing to trespass on Plaintiffs' property, soil, mud, and water will continue to flow onto Plaintiff's property every time it rains. *See Boerner v. McCallister*, 89 S.E.2d 23, 25 (Va. 1955) ("As a general rule, where an injury committed by one against another is being constantly repeated, . . . the trespass will be prevented in equity by an injunction . . . .").

## FOURTH CAUSE OF ACTION
### Nuisance

103.    The allegations of the preceding paragraphs are incorporated here by reference.

104.    The facts above establish a nuisance because MVP's actions constitute an unreasonable interference with the use and enjoyment of Plaintiffs' properties.

## REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court:

105.    Provide just compensation for the taking of Plaintiffs' property.

106.    Grant an injunction barring MVP from continuing to trespass onto Plaintiff's property for as long as there is not sufficient ground cover and/or sufficient erosion control measures to prevent mud, soil, and water from flowing onto Plaintiffs' property when it rains.

107.    Award damages and attorney's fees to Plaintiffs as the Court finds appropriate.

108.    Trial by jury is hereby demanded for all Plaintiffs and all causes of action.


Respectfully submitted,

/s/ Isak Howell
Isak Howell (Va. Bar No. 75011)
119 Norfolk Ave. SW #330
Roanoke, Virginia 24011
540-998-7744
Email: isak@howell-lawoffice.com

/s/ Joseph M. Lovett
Joseph M. Lovett (Va. Bar No. 89735)
Appalachian Mountain Advocates
PO Box 507
Lewisburg, WV 24901
Phone: (304) 520-2324
Fax:   (304) 645-9008
Email:  jlovett@appalmad.org