IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

WENDELL FLORA, et al.,               )
                                      )
              Plaintiffs,            )
                                      )
v.                                    )          Civil Action No.  7:18-cv-00240-EKD
                                      )
MOUNTAIN VALLEY PIPELINE, LLC,  )
                                      )
              Defendant.             )

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Defendant, Mountain Valley Pipeline, LLC ("MVP"), by counsel, submits

this response to the Motion for Temporary Restraining Order and Preliminary Injunction,

Dkt. No. 2, filed by plaintiffs, Wendell Flora, Mary Flora, The Frith Living Trust,

Michael S. Hurt, and Frances K. Hurt.  As yet, MVP has not been served with either the

complaint or the amended complaint.  In submitting this response, MVP does not waive

service, and it reserves all defenses that may be stated in its motion to dismiss or answer.

I.       INTRODUCTION

In their amended complaint, Dkt. No. 7, plaintiffs have abandoned diversity

of citizenship as the basis for jurisdiction. 28 U.S.C. § 1332.  Plaintiffs now base

jurisdiction on the existence of a federal question.  28 U.S.C. § 1331.  According to

plaintiffs, the federal question is whether MVP has taken property in violation of the

Fifth Amendment and 15 U.S.C. § 717f(h).  Dkt. No. 7 at ¶¶ 4, 78, 93.  Plaintiffs frame

their case as one for inverse condemnation.  *Id.*  Plaintiffs also ask the Court to consider

common-law claims for trespass, continuing trespass, and nuisance under its supplemental jurisdiction.  28 U.S.C. § 1367(a).

The motion now before the Court does not seek relief for any of the damages that have occurred.  Rather, plaintiffs seek a preliminary injunction to prevent any "future trespass" on their properties.  Dkt. No. 2 at 8, 9, 11.  Plaintiffs' motion is directly contrary to the federal claim on which their case is based.  The federal claim is for an uncompensated taking.  Injunctive relief is not an appropriate remedy for a taking. *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1016 (1984).  Plaintiffs' sole remedy is just compensation.  *Id.*  Because injunctive relief is inconsistent with the federal claim being asserted in this case, plaintiffs' motion should be denied.

Even viewed separately, the state claims would not support injunctive relief.  Under the controlling Virginia cases, a developer is not liable for trespass or nuisance from surface water unless the developer acted recklessly or carelessly.  *Collett v. Cordovana*, 772 S.E.2d 584, 587-88 (Va. 2015); *Kurpiel v. Hicks*, 731 S.E.2d 921, 925-26 (Va. 2012).  Plaintiffs cannot show MVP acted recklessly or carelessly in the past, and they certainly cannot show that MVP is acting recklessly or carelessly at present.  Nor can plaintiffs show that additional damages are likely to occur in the future.  Therefore, plaintiffs have no right to an injunction based on the state claims.

Finally, plaintiffs' claim for injunctive relief violates Rule 65(d)(1)(C).  This rule requires every injunction to "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required."  Under Rule 65(d)(1)(C), plaintiffs are not entitled to an injunction telling MVP "don't trespass."

Plaintiffs must identify the additional erosion and sediment controls they contend should be installed to prevent a reoccurrence.  Because plaintiffs have made no attempt to do so, their motion for an injunction should be denied.

## II.      STANDARD OF REVIEW

As the parties seeking a preliminary injunction, plaintiffs must clearly show all of the following:  (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm in the absence of injunctive relief, (3) that the balance of equities tips in their favor, and (4) that an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011).

## III.     ARGUMENT

### A.      PLAINTIFFS ARE NOT LIKELY TO SUCCEED ON THE MERITS

#### 1.      *Plaintiffs Are Not Entitled to Injunctive Relief in an Inverse Condemnation Case.*

"The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation."  *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194 (1985).  Under this provision, just compensation does not have to be paid in advance of a taking.  *Id.*  All that is required is an adequate procedure for obtaining just compensation after the taking occurs.  *Id.*.

Under the Fifth Amendment, the appropriate remedy for a taking is an award of just compensation, not an order granting an injunction.  *Ruckelshaus*, 467 U.S. at 1016.  As the Supreme Court stated in *Ruckelshaus*, "[e]quitable relief is not available

to enjoin an alleged taking for public use, duly authorized by law, when a suit for compensation can be brought against the sovereign subsequent to the taking." *Id.; see Stop the Beach Renourishment, Inc. v. Florida Dep't of Envtl. Prot.*, 560 U.S. 702, 741 (2010) ("It makes perfect sense that the remedy for a Takings Clause violation is only damages, as the Clause 'does not proscribe the taking of property; it proscribes taking without just compensation.'") (quoting *Williamson*).  An inverse condemnation proceeding is the remedy for an uncompensated taking, and that is the remedy that plaintiffs seek.  Dkt. No. 7 at ¶¶ 42-93, 105.

Plaintiffs allege that MVP has taken an easement on their property, that the taking is authorized by the Natural Gas Act, that the taking is for a public use, and that they are entitled to just compensation.  *Id.* at ¶¶ 43, 46, 105.  Plaintiffs have no right to injunctive relief based on this claim.  As a result, their motion for an injunction should be denied.

## 2.     *Plaintiffs Are Not Likely to Succeed on Their State Claims*

Under the modified common-law rule adopted in Virginia, surface water is viewed as a common enemy, and each landowner can fight it off as best he can.  *Mullins v. Greer*, 311 S.E.2d 110, 112 (Va. 1984).  Under this rule, a landowner may excavate and develop his property without liability for the increased flow of surface water, provided that the landowner acts "'reasonably and in good faith and not wantonly, unnecessarily or carelessly.'"  *Id.* (quoting *McCauley v. Phillips*, 219 S.E.2d 854, 858 (Va. 1975)).

4

A plaintiff claiming to be injured by surface water from a development must allege and prove that the developer acted recklessly or carelessly. *Collett*, 772 S.E.2d at 588.   In absence of such evidence, claims of trespass and nuisance for surface water and sediment must be dismissed. *Id.; Krupiel*, 731 S.E.2d at 356.

In their amended complaint, plaintiffs allege that MVP employed "inadequate or nonexistent erosion controls." Dkt. No. 7 at ¶ 2.  They also state the controls "were not in compliance with Virginia's best management practices as codified in 9 Va. Admin. Code § 840-40 nor were they in compliance with DEQ's erosion and sediment control handbook." *Id.* ¶ 27.  Plaintiffs seek "an injunction barring MVP from continuing to trespass onto Plaintiff's [sic] property for as long as there is not sufficient ground cover and/or erosion control measures to prevent mud, soil, and water from flowing onto Plaintiffs' property when it rains." *Id.* ¶ 106.

In their motion for a preliminary injunction, plaintiffs likewise allege that MVP has "cut corners and failed to implement effective erosion controls," but they do not identify what additional actions they say should be taken. Dkt. No. 2 at 1.  Rather, plaintiffs expressly disclaim any obligation to address this issue.

> Plaintiffs, in this Motion, only seek an injunction ordering a halt to future violation of their property rights.  MVP presumably has sophisticated engineers, machines, manpower and control of the property that will allow it to determine how best to cease its trespass.  If it fails to do so after an initial order from the Court, Plaintiffs may be forced in the future to seek more specific remedies for further trespasses.

*Id.* at 11.

5

In order to have any claim for trespass or nuisance, plaintiffs must prove that MVP was reckless or careless in the way it managed surface water.  Likewise, in order to obtain relief against any future trespass or nuisance, plaintiffs must show that the controls currently in place fail to comply with applicable standards.  In their motion, plaintiffs have made no attempt to identify what else needs to be done.  Plaintiffs want to enjoin a result—further discharges of surface water and sediment.  But discharges of surface water and sediment, in and of themselves, are not a trespass or a nuisance.  As a result, no injunction can be based on the state claims.

B.   PLAINTIFFS WILL NOT SUFFER IRREPARABLE HARM IN ABSENCE OF INJUNCTIVE RELIEF

Harm is not irreparable if there is an adequate remedy at law.  *Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."); *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017).  In this case, there is an adequate remedy for any taking that has occurred.  Plaintiffs have, in fact, invoked it in their claim for just compensation.

Plaintiffs have identified no past violations of law by MVP, and they have identified no ongoing violations.  Nor have plaintiffs presented any evidence that they are likely to sustain any damages in the future.  If any damages do occur, plaintiffs would have a remedy for those damages as well.

C.      THE BALANCE OF EQUITIES IS NOT IN PLAINTIFFS'
        FAVOR

Under the broad injunction that plaintiffs seek, MVP would face enforcement action should any "future trespass" occur.  Plaintiffs apparently consider it a violation for any sediment-laden water from the easements to enter their property.  Under such an injunction, MVP's sediment controls would need to be 100% effective 100% of the time.  But construction work can never be that effective—and it is not required to be.  Therefore, the equities do not favor an injunction of the type sought by plaintiffs.  The potential harm from such an injunction outweighs any possible benefit.

D.      AN INJUNCTION IS NOT IN THE PUBLIC INTEREST

Nor would an injunction be in the public interest.  In issuing the Certificate Order, FERC balanced the benefits of the project against its burdens.  *Mountain Valley Pipeline, LLC*, 161 FERC ¶ 61,043, at PP 41, 55, 57, 62, 64, 157, 177, 190, 209, 286. (Oct. 13, 2017).  Specifically, the Certificate Order acknowledged that the project's erosion control plans "cannot fully prevent sedimentation, but would provide adequate protections by reducing sedimentation into streams and reducing the potential for slope failures."  *Id.* at P 146.  Overall, FERC found that the project will serve a public convenience and necessity.  *Id.* at PP 62, 64.

Under the Natural Gas Act, FERC is the lead agency charged with overseeing the project.  If MVP is not constructing the project in accordance with applicable standards, FERC can take enforcement action.

Rather than seek relief from FERC, plaintiffs ask the Court to take charge of erosion and sediment control on the project.  While district courts are charged with managing condemnation proceedings, they are not charged with managing construction of the facilities.  Therefore, it is not in the public interest for the Court to enter orders directing how the work should be performed.

### E.    THE INJUNCTIVE RELIEF THAT PLAINTIFFS SEEK VIOLATES RULE 65(d)(1)(C)

Rule 65(d)(1) sets forth the standards that every injunction must satisfy:

> Every order granting an injunction and every restraining order must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.

These requirements "are mandatory and must be observed in every instance."  *Alberti v. Cruise*, 383 F.2d 268, 271-72 (4th Cir. 1967); *see Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) ("As we have emphasized in the past, the specificity provisions of Rule 65(d) are no mere technical requirements.").

One of the important purposes of Rule 65(d)(1) is "to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood."  *Schmidt*, 414 U.S. at 476.  "Since an injunctive order prohibits conduct under threat of judicial punishment, basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed."  *Id.*; *see also Int'l Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 76 (1967) ("The judicial contempt power is a potent

8

weapon.  When it is founded upon a decree too vague to be understood, it can be a deadly one.  Congress responded to that danger by requiring that a federal court frame its orders so that those who must obey them will know what the court intends to require and what it means to forbid.").

Therefore, an injunction may not simply direct a party to "obey the law" because such an injunction "does not give the restrained party fair notice of what conduct will risk contempt."  *Louis W. Epstein Family P'ship v. Kmart Corp.*, 13 F.3d 762, 771 (3d Cir. 1994).  Instead, an injunction must contain "an operative command capable of 'enforcement.'"  *Int'l Longshoremen's Ass'n.*, 389 U.S. at 74.  "The drafting standard established by Rule 65(d) is that an ordinary person reading the court's order should be able to ascertain from the document itself exactly what conduct is proscribed." 11A Charles A. Wright, Arthur R. Miller, Mary K. Kane, *Federal Practice & Procedure* § 2955 (3d ed. 2013).

In *Hughey v. JMS Dev. Corp.*, 78 F.3d 1523, 1531 (11th Cir. 1996), the Eleventh Circuit vacated an order granting the following permanent injunctive relief:

> Defendant shall not discharge stormwater into the waters of the United States from its development property in Gwinnett County, Georgia, known as Rivercliff Place *if such discharge would be in violation of the Clean Water Act.*

The Eleventh Circuit explained that this order was not only an unenforceable "obey-the-law" injunction, "it was also incapable of enforcement as an operative command" because it required the defendant to stop discharges, yet failed to specify how the defendant was to do so.  *Id.*  The court observed that injunction's failure to identify acts

9

the defendant was required to do or refrain from doing left the defendant to guess at how to comply:

> Was JMS supposed to stop the rain from falling?  Was JMS to build a retention pond to slow and control discharges?  Should JMS have constructed a treatment plant to comply with the requirements of the CWA?

*Id.* at 1532.

Like the order vacated in *Hughey*, the plaintiffs seek an injunction "barring future trespass," but they neglect to specify how MVP is to comply.  Dkt. No. 2 at 11. Under the modified common-law rule applicable to surface water in Virginia, a landowner improving, developing, or grading his property is not liable for discharging additional surface water and sediment, so long as the landowner does not act recklessly or carelessly.  *Kurpiel,* 731 S.E.2d at 925.  An order simply "barring future trespass" lacks any operative command capable of enforcement and fails to give MVP fair notice of what it is required to do or refrain from doing.

IV.    CONCLUSION

Plaintiff's motion for a preliminary injunction should be denied.

Respectfully submitted,

MOUNTAIN VALLEY PIPELINE, LLC

By Counsel

Abingdon: 1051689-1

Wade W. Massie
 VSB No. 16616
Seth M. Land
 VSB No. 75101
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, Virginia  24212
Telephone:  276/628-5151
Facsimile:  276/628-5621
wmassie@pennstuart.com
sland@pennstuart.com

By  */s/ Wade W. Massie*
        Wade W. Massie

CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2018, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to counsel of record.

            */s/ Wade W. Massie*
                Wade W. Massie

11

Abingdon: 1051689-1